J S - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| Case No. | **EDCV 15-1682 JGB (SPx)** | Date | August 27, 2015 |
|---|---|---|---|
| Title | *Eagle Vista Equities, LLC v. Duane T. Jones, et al.* | | |

Present: The Honorable     JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):     Attorney(s) Present for Defendant(s):

Not Present     Not Present

**Proceedings:**    **Minute Order REMANDING Action to California Superior Court for the County of Riverside (IN CHAMBERS)**

### I. BACKGROUND

On August 21, 2014, Plaintiff Eagle Vista Equities LLC ("Plaintiff") filed a complaint for unlawful detainer ("UD") and money damages against Defendants Duane Jones and Brenda Rolph ("Defendants") in California Superior Court for the County of Riverside. ("Complaint," Doc. No. 1, Ex. A.) On July 1, 2015, Defendants removed the action to this Court. (EDCV 15-1293 JGB (SPx), Doc. No. 1). Because the Court lacked subject matter jurisdiction over the UD case, the Court, on its own motion, remanded the action to California Superior Court on July 6, 2015. (EDCV 15-1293 JGB (SPx), Doc. No. 5.) Nevertheless, on August 20, 2015, Defendants again removed the case to federal court. ("Not. of Removal," Doc. No. 1.)

### II. LEGAL STANDARD

Removal jurisdiction is governed by statute. See 28 U.S.C. §1441. The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

### III. DISCUSSION

Defendants again purport to remove this case on the basis of federal question jurisdiction, pursuant to 28 U.S.C. § 1331. (Not. of Removal at 2-3.) In fact, Defendants filed an identical notice of removal as previously submitted to and rejected by this Court. As explained in the Court's previous order, for removal to be proper on the basis of federal question jurisdiction, a defendant must show that the plaintiff's "'well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" Proctor v. Vishay Intertechnology Inc., 584 F.3d 1208, 1219 (9th Cir. 2009) (quoting Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 689–90 (2006). "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998).

The face of Plaintiff's Complaint continues to reveal only a claim for unlawful detainer, (Complaint at 1-2), which is a California state law action, see Wells Fargo Bank v. Lapeen, No. C 11–01932 LB, 2011 WL 2194117, *3 (N.D. Cal. June 6, 2011) ("an unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law") (citing Wescom Credit Union v. Dudley, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, *2 (C.D. Cal. Nov. 22, 2010)). Further, Plaintiff's right to relief on the unlawful detainer claim does not depend on the resolution of a substantial question of federal law. Rather, Plaintiff will likely be entitled to judgment upon establishing that the subject property was sold in accordance with California Civil Code § 2924 and that the requisite three-day notice to quit was served upon Defendant as required by California Code of Civil Procedure § 1161a. See Evans v. Superior Court, 67 Cal. App. 3d 162, 168 (Cal. Ct. App. 1977).

Defendants again claim that federal question jurisdiction exists because they are entitled to protection under the Protecting Tenants at Foreclosure Act of 2009, 12 U.S.C. § 5201. (Not. of Removal at 3). "A federal defense, however, does not confer jurisdiction on the court to hear the case." See H.O.D. Properties, LLC v. Sarkisyan, No. 13-5624, 2013 WL 4052469, at *3; see also Wells Fargo Bank v. Lapeen, No. 11-1932, 2011 WL 2194117, at *1-2 ("[T]he [Protecting Tenants at Foreclosure Act] only provides tenants with federal defenses to eviction but does not create a federal ejectment claim or any private right of action. . . . [A]n anticipated federal defense is not sufficient to confer jurisdiction."). Accordingly, because of the absence of a federal claim or substantial question of federal law, Defendants have not shown that the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

In sum, the Court lacks jurisdiction over this unlawful detainer action, and thus removal was not appropriate.

### IV. CONCLUSION

"If it clearly appears on the face of the [Notice of Removal] and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4). Pursuant to 28 U.S.C. § 1446(c)(4), the Court has examined the Notice of Removal and concludes that Defendant has not met his burden of establishing that

this case is properly in federal court.  See In re Ford Motor Co./Citibank (South Dakota), N.A., 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

The Court cautions Defendants Duane Jones and Brenda Rolph that if they remove this identical unlawful detainer action to federal court again without alleging a proper basis for jurisdiction, the Court may issue sanctions.  See, e.g., Quantum Servicing Corp. v. Castaneda, No. C-11-2890 EMC, 2011 WL 3809926, at *3 (N.D. Cal. Aug. 29, 2011) (cautioning pro se defendant who removed an unlawful detainer action that "should she or the other defendants in the case attempt a removal a second time, they risk being sanctioned."); SD Coastline v. Reyes, No. 10cv1824 LAB (AJB), 2010 WL 4009557, at *1 (S.D. Cal. Oct. 12, 2010) (cautioning pro se defendant who removed an unlawful detainer action two times that "[a]ny further removals in violation of [the order remanding the action] are punishable by sanctions.").  These sanctions may include a declaration that Defendants Jones and Rolph are vexatious litigants and therefore may no longer file actions in this Court without written authorization from a judge.  L.R. 83-8.

For the reasons stated above, the Court REMANDS this action to the Superior Court of California for the County of Riverside.

**IT IS SO ORDERED.**